UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA ANN HOPE,

      Plaintiff,

                                            Civil Case No. 14-11114
v.                                       Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S DECEMBER 8, 2014 REPORT AND RECOMMENDATION; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

On March 14, 2014, Plaintiff filed this lawsuit challenging Defendant's final decision denying her application for Disability Insurance Benefits under the Social Security Act. On March 17, 2014, the matter was referred to Magistrate Judge David R. Grand for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 10, 12.)

On December 8, 2014, Magistrate Judge Grand issued his R&R in which he recommends that this Court deny Plaintiff's motion, grant Defendant's motion, and

affirm Defendant's decision finding Plaintiff not disabled under the Social Security Act. (ECF No. 13.) In the R&R, Magistrate Judge Grand first rejects Plaintiff's argument that the ALJ failed to take into account all of her credible impairments. (Id. at 8-13.) Magistrate Judge Grand finds that the medical reports and other evidence in the record did not support the Plaintiff's hearing testimony and thus the ALJ did not err in rejecting some of her claimed limitations. (*Id.*) Magistrate Judge Grand therefore also rejects Plaintiff's challenge to the adequacy of the ALJ's hypothetical question to the vocational expert to the extend she argues that it did not account for all of her claimed limitations. (*Id*. at 13-14.)

Magistrate Judge Grand next addresses Plaintiff's arguments regarding the ALJ's Step Four determination that she is capable of performing her past relevant work as a secretary and administrative assistant. Magistrate Judge Grand rejects Plaintiff's contention that the ALJ impermissibly delegated the task of determining whether she could perform her past relevant work to the vocational expert, concluding that the ALJ has the discretion to use the vocational expert's assistance in making the determination. (*Id*. at 14-15, citing cases.) He then rejects Plaintiff's argument that there was no evidence from which the ALJ could assess the physical and mental demands of Plaintiff's prior work and her ability to meet those demands, noting the specific evidence in the record enabled the ALJ to make his assessment. (*Id*. at 15-16.)

Finding substantial evidence in the record to support the ALJ's decision, Magistrate Judge Grand concludes by recommending that the Court affirm Defendant's decision. (*Id*. at 16.)  At the end of his R&R, Magistrate Judge Grand advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id*. at 17.)  He further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*.) Neither party filed objections to the R&R.

This Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Grand. The Court therefore adopts the magistrate judge's December 8, 2014 Report and Recommendation and is affirming Defendant's decision denying Plaintiff social security benefits.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for summary judgment (ECF No. 10) is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant's motion for summary judgment (ECF No. 12) is **GRANTED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: January 29, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 29, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>Case Manager